UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION                                                    MDL No. 2262

TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Southern District of New York (*Ravan Investments*) moves to centralize this litigation in that district. The motion encompasses seven actions: four in the Southern District of New York and three in the Northern District of Illinois, as listed on Schedule A. The Panel has been notified of ten additional related actions.[1]

All responding parties support centralization, but there is disagreement as to an appropriate transferee district. All responding defendants[1] support centralization in the Southern District of New York, as do plaintiffs in the first-filed *FTC Capital* action, which is pending in that district, and plaintiffs in two Southern District of New York potential tag-along actions. Plaintiffs in the three actions pending in the Northern District of Illinois, however, argue for centralization in that district, as does plaintiff in a Northern District of Illinois potential tag-along action. Finally, plaintiffs in potential tag-along actions pending in the District of Minnesota and the District of New Jersey argue for selection of their respective districts.

On the basis of the papers filed and hearing session held, we find that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All seven actions share factual issues arising from allegations concerning defendants' participation in the British Bankers' Association (BBA) London Interbank

---

[*] Judge John G. Heyburn II, Judge Paul J. Barbadoro, and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[1] The Norinchukin Bank; Bank of America Corporation; The Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank plc; Citibank, N.A.; Credit Suisse Group AG; Deutsche Bank AG; HBOS plc; J.P. Morgan Chase & Co.; Lloyds Banking Group plc; Coöperative Centrale Raiffeisen-Boerenleenbank B.A.; the Royal Bank of Canada; The Royal Bank of Scotland Group plc; Société Générale; UBS AG; and WestLB AG.

- 2 -

Offered Rate (Libor) panel. More specifically, plaintiffs allege that defendants manipulated Libor by deliberately and intentionally understating their respective borrowing costs to the BBA, and that, by doing so, they paid lower interest rates to customers who bought defendants' products with rates of return tied to Libor, and also avoided disclosing the true risk premium that the market was attaching to them during the global financial crisis. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation. Two of the three United States-based defendants have their headquarters in that district, and it is also relatively more convenient for those defendants based in the United Kingdom and Europe. At least some foreign discovery in this docket appears probable. As proponents of selection of the Southern District of New York argue, the actions involve the alleged manipulation of an interest rate benchmark determined in London. Discovery thus will almost certainly encompass (and, indeed, likely focus on) the setting of Libor rates, defendants' alleged underreporting of the cost of actual borrowing, communications by defendants regarding Libor, and defendants' profits from Libor-based transactions. Although the litigation may entail some discovery regarding the trading of Libor-based derivatives on the Chicago exchanges, it appears that most discovery will be concentrated elsewhere.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Naomi Reice Buchwald for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Barbara S. Jones

IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION                                            MDL No. 2262

## SCHEDULE A

<u>Northern District of Illinois</u>

Richard Hershey v. Credit Suisse Group AG, et al., C.A. No. 1:11-02625
Brian McCormick, et al. v. Bank of America Corporation, et al., C.A. No. 1:11-02706
Jeffrey Laydon v. Credit Suisse Group AG, et al., C.A. No. 1:11-02824

<u>Southern District of New York</u>

FTC Capital GMBH, et al. v. Credit Suisse Group AG, et al., C.A. No. 1:11-02613
Carpenters Pension Fund of West Virginia v. Bank of America Corporation, et al.,
     C.A. No. 1:11-02883
City of Dania Beach Police & Firefighters' Retirement System v. Bank of America
     Corporation, et al., C.A. No. 1:11-03128
Ravan Investments, LLC v. Bank of America Corporation, et al., C.A. No. 1:11-03249